

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

James C. Fitzpatrick
Direct Dial: 212-837-6582
fitzpat@hugheshubbard.com

January 6, 2016

VIA ECF

The Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *344 Individuals v. Giddens (In re Lehman Brothers Inc.)*
              Case No. 15-cv-09670 (PGG) (S.D.N.Y.)

Dear Judge Gardephe and Judge Ramos:

      We represent the appellee in the above-captioned matter, James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"). We write pursuant to the instruction in Local Civil Rule 1.6 to bring to the attention of the Court facts that we believe are relevant to a consideration of whether or not this appeal (which is pending before Judge Gardephe) is related to two other matters: (i) a separate appeal in which Judge Ramos affirmed the Bankruptcy Court and such judgment is now on further appeal to the Second Circuit (*344 Individuals v. Giddens (In re Lehman Brothers Holdings Inc.)*, 14-cv-07643-ER)[1]; and (ii) a motion to withdraw the reference which is pending before Judge Ramos (*344 Individuals v. Giddens (In re Lehman Brothers Holdings Inc.)*,14-cv-08825-ER).

      The Trustee does not contend that the matters are necessarily related, and they do not arise from the "same order or judgment of the bankruptcy court" as set forth in Local Civil Rule 13. The Trustee has in fact pointed out the separateness of the issues in a prior conference with Judge Ramos.

---

1. Although these cases have been captioned as *In re Lehman Brothers Holdings, Inc.* in this Court, they actually arise from the same SIPA liquidation as the above-captioned matter. This SIPA liquidation is pending before the United States Bankruptcy Court for the Southern District of New York, *In re Lehman Bros. Inc.*, No. 08-01420 (SCC) SIPA and is separate and distinct from the Chapter 11 proceedings of Lehman Brothers Holdings Inc.

However, the matters do all relate to the same claims brought by the same claimants in the LBI SIPA liquidation. Specifically, all three of these proceedings relate to certain claims (the "ESEP Claims") filed in the LBI SIPA proceeding (Case No. 08-1420 (SCC) (Bankr. S.D.N.Y.)), each of which seeks the payment of deferred compensation pursuant to an Executive and Select Employees Deferred Compensation Plan (the "ESEP"). The appeal pending before Judge Gardephe relates to an order (the "Reclassification Order") entered by the Bankruptcy Court, which granted the Trustee's motions to reclassify certain of the ESEP Claims from secured and/or priority status to unsecured, non-priority general creditor claims.

In addition, each of the ESEP Claims is subject to an ongoing adversary proceeding (the "ESEP Adversary Proceeding"), in which the Trustee seeks to subordinate the ESEP Claims pursuant to terms in the underlying ESEP documents. (*See* Bankr. ECF No. 8576.) Certain of the claimants filed a motion to compel arbitration of the ESEP Adversary Proceeding, which was denied pursuant to an order entered by the Bankruptcy Court (the "Arbitration Order," Bankr. ECF No. 9617). On September 30, 2015, Judge Ramos issued a decision affirming the Bankruptcy Court's Order. (Case No. 14-cv-07643 (ER) (S.D.N.Y.), ECF No. 20.) The claimants have appealed that decision to the Second Circuit, and the claimants' opening brief to the Second Circuit is due February 10, 2015. (Case No. 15-3480 (2d Cir.), ECF No. 23.)

During the pendency of the claimants' appeal of the Arbitration Order, certain claimants also filed a Motion to Withdraw the Reference to the Bankruptcy Court of the ESEP Adversary Proceeding, which is also pending before Judge Ramos. The Motion to Withdraw the Reference is fully briefed. (Case No. 14-cv-08825-ER (S.D.N.Y.), ECF Nos. 1, 8, 11.)

The Reclassification Order, the ESEP Adversary Proceeding, and the Arbitration Order deal with separate legal issues: the Reclassification Order is about whether or not the claims are secured, the ESEP Adversary Proceeding is about whether or not the claims should be subordinated, and the Arbitration Order is about whether or not the ESEP Adversary Proceeding should be compelled to arbitration. Nevertheless, the three proceedings do involve the same parties, and they arise from the same claims – based on the same documents – in the same liquidation. The Trustee therefore respectfully submits that the Court might determine that it would be most efficient to consider these matters related, and we therefore provide this information to the Court pursuant to Local Civil Rule 1.6. We are available to provide any additional information or clarification if the Court so directs.

Respectfully submitted,

*James C. Fitzpatrick*

cc: Richard J.J. Scarola